TEXAS & P. RY. CO. v. CAU.

(Circuit Court of Appeals, Fifth Circuit. January 27, 1903.)

No. 1,181.

**1. CARRIERS—STIPULATION EXEMPTING FROM LIABILITY FOR FIRE—AGREEMENT NOT TO ENFORCE—CONSIDERATION.**

Act of a consignor of cotton in giving up insurance thereon in his favor, and taking out a policy in favor of the carrier, fully protecting it from loss or destruction by fire, constituted a valuable consideration for a promise on the part of the carrier not to insist on a provision in the bill of lading exempting it from liability for loss or damage by fire.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

N. W. Finley, W. W. Howe, W. B. Spencer, and C. P. Cocke, for plaintiff in error.

William S. Parkerson and Branch K. Miller, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The undisputed evidence shows that while the bills of lading contained a provision "that neither the Texas & Pacific Railway Company, nor any connecting carrier handling said cotton, shall be liable for damages to or the destructon of said cotton by fire," the owner and consignor, Cau, had taken out insurance which fully protected him in case of damage or destruction of said cotton by fire, and that in this state of the case, upon representation made by the company, through its authorized agent, that the company would be responsible for damages or destruction caused by fire, amounting, in substance, to a representation that the company would not insist upon exemption from liability as excepted in the bill of lading, and at the instance and request of the railway company, the owner and consignor gave up the insurance in his favor, and took out and paid for insurance in favor of the carrier company, fully protecting the carrier from loss,

or destruction of the cotton by fire. The insurance in favor of the carrier was a valid, valuable consideration for the promise, if not contract, not to insist upon the exemption from loss or damage on account of destruction by fire, which was contained in the bill of lading, for it fully protected the carrier company from loss or damage by fire for which it was "legally liable," and this included liability resulting from the negligence of its own employés, and for which it was unquestionably liable to the consignor, notwithstanding the exemption contained in the bill of lading.

The judgment of the circuit court does substantial justice between the parties, and we affirm the same.